IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JEFFREY GLENN HUTCHINSON,**

 Petitioner,

v.         Case No.: 3:13cv128-MW

**MICHAEL D. CREWS**
Secretary, Florida Department
of Corrections, et. al,

 Respondents.
_____

**ORDER GRANTING MOTION TO DISMISS HABEAS
PETITION AS UNAUTHORIZED and ORDER DISMISSING
PETITION FOR LACK OF JURISDICTION; ORDER DENYING
REQUEST FOR APPOINTMENT OF COUNSEL, LEAVE
TO AMEND AND CERTIFICATE OF APPEALABILITY**

 Before the Court is a *pro se* petition for a writ of habeas corpus filed by Jeffrey Glenn Hutchinson, a Florida death row inmate, pursuant to Title 28, United States Code, Section 2254 (doc. 3). Respondent has filed a Motion to Dismiss Habeas Petition as Unauthorized Successive Petition (doc. 2) and Hutchinson has filed a response (doc. 6). After careful consideration, the Court finds that Hutchinson has filed a successive application for a federal writ of habeas corpus without first

obtaining the requisite authorization from the Eleventh Circuit Court of Appeals.

On January 18, 2001, Hutchinson was convicted of four counts of first-degree murder for the death of his girlfriend and her three children. Hutchinson was sentenced to life imprisonment for the murder of his girlfriend and to death for the murder of each of the three children on February 6, 2001, in the Circuit Court of the First Judicial Circuit, in and for Okaloosa County, Florida, Case No. 98-1382-CF. Hutchinson's judgment of conviction and sentence was affirmed by the Florida Supreme Court. *Hutchinson v. State*, 882 So.2d 943 (Fla. 2004). Hutchinson filed an initial and amended motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.851 which was denied after an evidentiary hearing; the order denying relief was affirmed by the Florida Supreme Court. *Hutchinson v. State*, 17 So.3d 696 (Fla. 2009). Hutchinson then filed an initial *pro se* federal habeas corpus petition in this Court on July 24, 2009 (doc. 1) and an amended petition through court-appointed counsel on November 23, 2009 (doc. 19)(Case. No. 5:09cv261/RS) asserting five grounds for relief. Respondents moved to dismiss Hutchinson's amended habeas petition as time-barred. The Court found that Hutchinson had failed to file his federal habeas petition within the deadline provided by the AEDPA and that he was not entitled to equitable tolling and dismissed the petition as untimely. *See* doc. 39, Case. No. 5:09cv261/RS. Hutchinson appealed the order of dismissal to the

Eleventh Circuit Court of Appeals, which later affirmed the order. *See Hutchinson v. Florida*, 677 F.3d 1097 (11th Cir. 2012), cert. denied 133 S. Ct. 435, 184 L. Ed.2d 266 (2012). On March 21, 2013, Hutchinson filed the instant petition for a writ of habeas corpus (doc. 3) challenging the legality of the same state court judgment that was the subject of the first § 2254 action he filed in 2009, asserting nine new claims of ineffective assistance of trial counsel relying on *Martinez v. Ryan*, ___U.S.___, 132 S. Ct. 1309, 182 L. Ed.2d 272 (2012 ).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), as amended by the AEDPA, "[b]efore a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[1] Absent this

---

[1] Section 28 U.S.C. § 2244(b) provides in pertinent part:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In his response Hutchinson acknowledges that *Martinez v. Ryan*, ___U.S.___, 132 S. Ct. 1309, 182 L. Ed.2d 272 (2012), did not announce a new rule of constitutional law and that the Eleventh Circuit Court of Appeals will be obligated to deny leave to file a successive habeas petition under § 2244(b)(2)(A). Doc. 6, p. 4. However,

authorization, the district court lacks jurisdiction over the petition. *See Tyler v. Cain*, 533 U.S. 656, 661-62, 121 S. Ct. 2478, 2481-82,150 L. Ed. 2d 632 (2001)*; Thompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1258 (11th Cir. 2009). Hutchinson has not been granted permission to file a second or successive § 2254 petition in this Court. As a result, this Court lacks jurisdiction to consider the merits of Hutchinson's habeas petition. *In re Medina*, 109 F.3d 1556, 1564 (11th Cir. 1997).

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2254 11(b). The court finds no substantial showing of the denial of a constitutional right in this case. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, no certificate of appealability is issued herewith. If either party objects to this denial, that party may file a motion for reconsideration of the denial; however, a motion to reconsider such denial does not extend the time to appeal. § 2254 11(a).

---

Hutchinson argues that equitable principles require this Court to review the merits of his habeas petition. The Court disagrees. *Martinez* does not confer jurisdiction on this Court to address the merits of Hutchinson's successive petition without permission from the Eleventh Circuit. *See* § 2244(b)(2)(A); s*ee also Adams v. Thaler*, 679 F.3d 312, 323 n. 6 (5th Cir. 2012)*("Martinez* does not provide a basis for authorization under § 2244(b)(2)(A), as the Court's decision was an "equitable ruling" that did not establish "a new rule of constitutional law." 132 S.Ct. at 1319."); *Buenrostro v. U.S.*, 697 F.3d 1137, 1140 (9th Cir. 2012)("*Martinez* cannot form the basis for an application for a second or successive motion because it did not announce a new rule of constitutional law.").

Case No. 3:13cv128/MW

Accordingly, it is **ORDERED** and **ADJUDGED**:

1. Respondent's Motion to Dismiss Habeas Petition as Unauthorized Successive Petition (doc. 2) is **GRANTED**, and Hutchinson's petition for a writ of habeas corpus (doc. 3) is **DISMISSED** for lack of jurisdiction without prejudice to allow Hutchinson the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

2. Hutchinson's request for appointment of counsel and motion for leave to amend (doc. 3) are **DENIED as MOOT.**

3. A certificate of appealability is **DENIED**.

**SO ORDERED on April 24, 2013.**

<u>s/Mark E. Walker</u>
**United States District Judge**