# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE  DIVISION

**JEFFREY GLENN HUTCHINSON,**
　　　　**Petitioner,**

**v.**　　　　　　　　　　　　　　　　**Case No.: 3:13cv128/MW**

**MICHAEL D. CREWS**
　　　　**Secretary, Florida**
　　　　**Department of Corrections,**
**et. al,**
　　　　**Respondents.**
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION,
## CONSTRUED AS MOTION TO ALTER OR AMEND

Before this Court is Hutchinson's *pro se* motion for reconsideration, ECF No. 8, of this Court's order dismissing his habeas petition as an unauthorized successive petition under 28 U.S.C. § 2244(b), ECF No. 7.  This Court construes Hutchinson's motion for reconsideration as a timely motion to alter or amend brought pursuant to Federal  Rule of Civil Procedure 59(e).  The decision to alter or amend a judgment is committed to the sound discretion of the district court.  *Drago v. Jenne*, 453 F.3d 1301, 1305  (11th Cir. 2006); *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998).  The standard which must be met is a high one:  "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999)).   "[A] Rule 59(e)

motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). In order to prevail on his motion, Hutchinson must demonstrate that this Court made a manifest error of law or fact in dismissing his instant petition as an unauthorized successive habeas petition.

"AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." *Tyler v. Cain*, 533 U.S. 656, 661, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); *Gilbert v. United States*, 640 F.3d 1293, 1311 (11th Cir. 2011) ("If second and successive motions are not 'greatly restrict [ed],' there will be no end to collateral attacks on convictions and sentences, and there will be no finality of judgment."). In order for Hutchinson's instant habeas petition not to be subject to dismissal as a second or successive petition, he must satisfy one of the narrow exceptions enumerated in 28 U.S.C. § 2244(b)(2), which provides in pertinent part:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

A.    *Martinez v. Ryan*

In his motion Hutchinson attempts to rely on the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), as a new equitable rule which authorizes review of the claims contained in his petition.[1]  As noted in the order dismissing his petition as successive, *Martinez* did not announce a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, thus it does not meet the exception enumerated in 28 U.S.C. § 2244(b)(2)(A). *See* ECF No. 7 at 3, n.1.  Hutchinson suggests that the equitable principles which guided the *Martinez*  decision  provide petitioners with a chance to present ineffective assistance of trial counsel claims regardless of the restrictions in § 2244(b) because otherwise the claims would never be reviewed.  ECF No. 8 at 6-8.  Although *Martinez* may provide a habeas petitioner with cause to excuse a procedurally defaulted ineffective assistance of trial counsel claim in a first federal habeas petition, nothing in the decision suggests that AEDPA's restrictions on successive petitions are now to be ignored on equitable grounds.  *See also In re Davis*, 565 F.3d 810, 825 (11th Cir. 2009)(per curiam)(rejecting "equitable" exception to statutory requirements for second or successive petitions based on petitioner's alleged innocence, and stating "[n]either Congress nor the courts ever have hinted that an *additional* equitable exception to §2244(b)'s ban on second or successive federal habeas petitions exists.").

Hutchinson also compares the claims in his petition to ones which are considered unripe and thus not successive.  While the fact that a petition is filed

---

[1]  In *Martinez*, the Supreme Court recognized a narrow exception to its longstanding rule that attorney error on state collateral review does not constitute cause to excuse the procedural default of an ineffective assistance of counsel claim.  The Supreme Court limited the exception to those cases in which a petitioner's state post conviction counsel failed to raise a claim of ineffective assistance of trial counsel in the initial review collateral proceeding. *Martinez*, 132 S. Ct. at 1320.

second in time does not necessarily mean that it is successive, AEDPA's purposes "to further the principles of comity, finality, and federalism" must be considered when evaluating whether a successive petition is subject to dismissal. *Panetti v. Quarterman*, 551 U.S. 930, 945,127 S. Ct. 2842, 168 L. Ed.2d 662 (2007)(quotation omitted). The Supreme Court has made an exception to AEDPA's bar on successive claims when it would require unripe claims to be raised as a mere formality. In *Panetti*, the Supreme Court recognized that a claim of incompetency under *Ford v. Wainwright*, 477 U.S. 399 (1986),[2] was not successive because the claim was not ripe until the petitioner's execution was scheduled. The Supreme Court explained, "[i]nstructing prisoners to file premature claims, particularly when many of these claims will not be colorable even at a later date, does not conserve judicial resources, "reduc[e] piecemeal litigation," or "streamlin[e] federal habeas proceedings." *Panetti*, 551 U.S. at 946 (quoting *Burton v. Stewart*, 549 U.S. 147, 154 (2007) (per curiam) (internal quotation marks omitted)). S*ee also Stewart v. United States*, 646 F.3d 856, 865 (11th Cir. 2011)("Because the basis for his *Johnson* [ *v. United States*, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed.2d 542 (2005)] claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply. . . . Stewart's situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive."). The Eleventh Circuit has been careful to limit the Supreme Court's holding in *Panetti*. *See Tompkins v. Sec.'y, Dep't of Corr*., 557 F.3d 1257, 1259 (11th Cir. 2009)(per

---

[2] In *Ford v. Wainwright*, 477 U.S. 399, 409-10 (1986), the Supreme Court held for the first time that "the Eighth Amendment prohibits a State from carrying out a sentence of death upon a prisoner who is insane," and it outlined procedural safeguards to enforce that constitutional prohibition.

curiam). In *Tompkins*, the Eleventh Circuit noted that claims regarding constitutional violations occurring at trial or sentencing are ripe for inclusion in a first habeas petition, and nothing in *Panetti* changed that. *Id*. at 1260. Here, the ineffective assistance of trial counsel claims Hutchinson raises occurred during the guilt phase of his trial and, therefore, were ripe for inclusion in a first federal habeas petition. *See Tompkins*, 557 F.3d at 1260 ("Unlike a *Ford* claim, the *Gardner* [*v. Florida*, 430 U.S. 349 (1977)], *Brady* [*v. Maryland*, 373 U.S. 83 (1963)], and *Giglio* [*v. United States*, 405 U.S. 150 (1972)], claims Tompkins wants to raise are claims that can be and routinely are raised in initial habeas petitions."). Hutchinson has not demonstrated that this Court made a manifest error of law in finding that the claims raised in his petition are successive under 28 U.S.C. § 2244.

B.     Actual Innocence

Hutchinson also argues that fundamental fairness requires a merits consideration of the claims in his petition because he can establish his actual innocence of the murders for which he has been convicted. ECF No. 8 at 8-9. Section 2244(b)(2)(B) provides that a successive petition is not subject to dismissal if a petitioner presents newly discovered evidence that "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." The question for § 2244(b)(2)(B)(I) purposes is not whether the factual predicate for the claim could have been discovered through the exercise of reasonable diligence at the time of trial, but instead whether it could have been discovered "previously," which means at least as late as the time of the filing of the first federal habeas petition. *See In re Provenzano*,

215 F.3d 1233, 1236 (11th Cir. 2000)("Provenzano  has made no showing that the factual predicate for this claim either did not exist or could not have been discovered through the exercise of reasonable diligence at the time he filed his first federal habeas petition in June of 1993."); *In re Schwab*, 531 F.3d 1365, 1366 (11th Cir. 2008)(per curiam)("Schwab cannot show that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence. . . [t]he application makes clear that the basis for Dr. Samek's modification of opinion is 'his recent review of Mr. Schwab's case,' which consisted of 'a more exhaustive review of the record, evaluation of Mr. Schwab, and interviews with family members.' All of those sources of evidence, and any change they could bring in Dr. Samek's opinion, were fully available to Schwab at the time he filed his first habeas petition in April 2003.").  In order to meet the exception contained in § 2244(b)(2)(B)(I),  Hutchinson must first demonstrate that the factual predicate for his claims could not have been discovered previously through the exercise of due diligence.

In reviewing Hutchinson's petition, the factual predicate for each of the nine claims raised existed at the time of trial and was available to Hutchinson's counsel at least as late as the filing of his first habeas petition in 2009.  In grounds one and two, Hutchinson raises ineffective assistance of trial and postconviction counsel claims with regard to his being shackled and restrained at trial.[3]  ECF No. 3 at 7-11. Clearly the factual predicate for these claims existed at trial.  Ground three is an

---

[3]  The claims contained in grounds one and two also do not implicate Hutchinson's guilt of the underlying offense; thus they do not meet the requirement in § 2244(b)(2)(B)(ii) that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

ineffective assistance of trial counsel claim alleging that counsel failed to properly investigate the case, and ground four is an ineffective assistance of trial counsel claim outlining the exculpatory evidence counsel would have found had he conducted a proper investigation. *Id*. at 12-17. Hutchinson does not allege that any of the evidence discussed in these claims did not exist at the time of trial; in fact, his claims are premised on the fact that his counsel could have discovered this information had he been effective. Ground five is an ineffective assistance of trial counsel claim alleging that counsel failed to impeach certain witnesses at trial. *Id*. at 18-20. Hutchinson does not allege that the information to impeach these witness did not exist at the time of trial or is otherwise newly discovered evidence. Ground six is an ineffective assistance of trial counsel claim alleging that counsel failed to rebut an incriminating 911 tape by testing it for voiceprint analysis and presenting witnesses who would have testified that the voice on the call was not Hutchinson's. *Id*. at 21-23.[4] In this claim, Hutchinson acknowledges that his trial counsel was aware of these witnesses prior to trial. *See id*. at 22. Ground seven is an ineffective assistance of trial counsel claim alleging that counsel failed to request DNA testing of evidence that would have shown that intruders murdered the victims in this case. *Id*. at 24-27. Hutchinson states that his trial counsel was aware of and in possession of DNA

---

[4] Hutchinson raised this issue in his motion for postconviction relief, and the postconviction court concluded that his trial counsel did not render ineffective assistance because he made the strategic decision not to challenge the identification in order to maintain credibility with the jury. Also, the court concluded there was no prejudice "due to the incriminating content of the 911 tape, the testimony of two friends identifying Hutchinson's voice as the caller on the tape, and Hutchinson's location at the residence with the telephone near him that was still connected to the 911 call when the police officers arrived." *Hutchinson v. State*, 17 So.3d 696, 701 (Fla. 2009). The Florida Supreme Court affirmed the postconviction court's denial of the claim on appeal.

evidence prior to trial which would have shown the presence of these intruders. *Id*. at 25. Ground eight is an ineffective assistance of trial counsel claim alleging that counsel was ineffective in failing to present certain evidence regarding the victim's estranged husband, including his history of violence against the victim and his son. *Id*. at 28-31. Hutchinson states that his counsel was aware of all of this evidence before trial. *Id*. at 29-30. Ground nine is an ineffective assistance of trial counsel claim that two of the state's witnesses engaged in *ex parte* communication with jurors during trial. *Id*. at 32. Hutchinson states that his counsel was aware of this during trial and failed to advise the court. *Id*. at 32. In sum, Hutchinson has not presented any factual evidence in his petition which was not or could not have been discovered previously; therefore, his petition does not meet the exception enumerated in § 2244(b)(2)(B)(I).

Moreover, while Hutchinson contends that he is not attempting to raise a freestanding claim of actual innocence, he states that "upon a full and fair review of the substantial constitutional claims pled in this 'second' habeas" petition, he will establish his actual innocence. ECF No. 8 at 13. To the extent that Hutchinson may be arguing that he can raise a freestanding claim of actual innocence in a successive habeas petition, and assuming without deciding that such a claim would be allowed, he has failed to present any newly discovered evidence that establishes his actual innocence. *See Herrera v. Collins*, 506 U.S. 390, 417, 113 S. Ct. 853, 869, 122 L.Ed.2d 203 (1993) (assuming, without deciding, "that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of the defendant unconstitutional," but stating that "the threshold showing

for such an assumed right would necessarily be extraordinarily high"). *See also In re Davis*, *supra*, 565 F.3d at 825 ("But even if we could somehow employ our equitable powers as gatekeeper reviewing a successive petition and ignore the plain requirements found in § 2244(b)(2)(B), Davis has not presented us with a showing of innocence so compelling that we would be obliged to act today."); *In re Lambrix*, 624 F.3d 1355, 1367 (11th Cir. 2010)("Alternatively, even assuming freestanding actual innocence claims are cognizable, and even if § 2244(b)'s requirements were to have no application to actual innocence claims, Lambrix's purported facts fall far short of the type and quantity of evidence necessary to establish "a truly persuasive demonstration of 'actual innocence.'"). Finally, the Florida Supreme Court determined that Hutchinson filed an actual innocence claim in his amended motion for postconviction relief and concluded that the claim was without merit. *Hutchinson v. State*, 17 So.3d 696, 703 (Fla. 2009). The court stated that it had reviewed the evidence on direct appeal and found that the evidence was sufficient to sustain a premeditated first-degree murder conviction. *See Hutchinson v. State*, 882 So.2d 943, 956 (Fla. 2004).

C.    Appointment of Counsel

Finally, Hutchinson argues that this Court made a manifest error of law when it failed to appoint him counsel pursuant to 18 U.S.C. § 3599(a)(2) which provides in part that counsel shall be appointed to an indigent capital defendant seeking to vacate or set aside a death sentence "[i]n any post conviction proceeding under section 2254 or 2255 of title 28, United States Code." While the plain language of the statute seems to require appointment of counsel in any postconviction action

brought by a capital defendant under 2254, the Supreme Court has not addressed appointment of counsel in a case similar to Hutchinson's, *i.e*, appointment of counsel for a capital petitioner when a district court finds the habeas petition is successive under 28 U.S.C. § 2244. In *McFarland v. Scott*, 512 U.S. 849, 114 S. Ct. 2568, 129 L. Ed.2d 666 (1994)(addressing appointment of counsel to investigate grounds for filing of initial habeas petition and holding that a capital defendant need not file a formal habeas corpus petition in order to invoke his right to counsel under § 848(q)(4)(B), recodified at 18 U.S.C. § 3599 (2006), and to establish a federal court's jurisdiction to enter a stay of execution), the Supreme Court stated, "[n]either the federal habeas corpus statute, 28 U.S.C. § 2241 *et seq*., nor the rules governing habeas corpus proceedings define a 'post conviction proceeding' under § 2254 or § 2255. . . ." *Id*. at 854. It would appear, and the State concedes, *see* ECF No. 2 at 7-8, that Hutchinson would be entitled to appointment of counsel if he is granted authorization to file a successive petition by the Eleventh Circuit. However, because this Court has determined that Hutchinson's petition is successive and it, therefore, lacks the subject matter jurisdiction to consider it, counsel will not be appointed at this time. Were this Court to hold otherwise, every capital petitioner would be entitled to counsel as a matter of right to file an endless number of petitions seeking authorization from the Eleventh Circuit to file successive habeas petitions without limitation, an entitlement which is not consistent with AEDPA's restrictions on successive habeas petitions. *See gen*., *Tyler v. Cain*, *supra*, and 28 U.S.C. § 2244; *but see*, *In re Hearn*, 376 F.3d 447 (5th Cir. 2004)(following the district court's *sua sponte* transfer of petitioner's motions for appointment of counsel and stay of

execution, the Fifth Circuit held petitioner was entitled to appointment of counsel to investigate and file an application for authority to file a successive habeas corpus petition and, if granted, to file his formal petition and remanding to district court to appoint counsel for same).

Hutchinson has failed to demonstrate any manifest error of law committed by this Court in rejecting his habeas petition as an unauthorized successive petition. Moreover, Hutchinson has failed to establish that he is entitled to have this Court appoint counsel for the purpose of seeking authorization from the Eleventh Circuit to file a successive petition. Accordingly, Hutchinson's Motion for Reconsideration, construed as a motion to alter or amend under Rule 59(e), ECF No.8, is **DENIED**.

SO ORDERED on June 12, 2013.

<u>s/Mark E. Walker</u>
United States District Judge